IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:16CV449<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for partial summary judgment, Filing No. 63, and defendants' motion to dismiss and for summary judgment, Filing No. 70.[1] This is a putative class action for violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. (hereinafter referred to as the "NCPA").

The plaintiff seeks summary judgment on the issue of liability—a determination that the defendants' collection complaints are false and misleading as a matter of law. The plaintiff challenges defendant CMS's routine practice of sending allegedly false and misleading collections letters in the form of Exhibit A attached to the complaint. Filing No. 1-1. The principal legal question is whether the defendants' use of letters in the

---

[1] Also pending is defendants' motion to strike, Filing No. 67, the allegedly "sham affidavit" of the plaintiff, Filing No. 66-15, paragraph 9 of counsel's declaration, Filing No. 66-8, and portions of the plaintiff's reply brief, Filing No. 65. The Court did not rely on those pleadings in making its determination and the motion will be denied as moot. A motion for class certification, Filing No. 49, is also pending and will be addressed in a separate order.

form of Exhibit A violated 15 U.S.C. §§ 1692e (generally prohibiting the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt), e(2)(A) (prohibiting the false representation of the character, amount, or legal status of any debt), and e(10) (prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt) and the NCPA, which prohibits deceptive acts and practices. She seeks statutory damages, declaratory relief, costs and attorney's fees.[2] She argues that the overall letter is false and misleading in several respects: setting an appointment, stating there will be further collection efforts, setting out two different addresses of the collection company, failing to date the dates of service or to identify the person who received the alleged services and asserting that interest, along with other charges, accrues daily. The plaintiff also alleges that defendant C. J. Tighe can be held personally liable for the violations.

Defendants Credit Bureau Services, Inc. and C.J. Tighe ("Defendants") move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that the plaintiff lacks standing under Article III of the United States Constitution to pursue her claim and a claim on the decedent's behalf. Further, they move to dismiss any claims under § 1692(g) for failure to state a claim, arguing that the plaintiff did not allege violations of that subsection in her complaint. The defendants also move for summary judgment, arguing that undisputed evidence shows the plaintiff's claims fail as a matter of law because the challenged correspondence is not false or misleading.

---

[2] Importantly, she does not seek damages for mental distress.

I.  BACKGROUND

Some facts are set out in the court's earlier order on the defendants' motion to dismiss and need not be repeated here.  The collection letter at issue in this case is attached to the plaintiff's Complaint.  Filing No. 1-1, Complaint Ex. A.[3]  The record shows

---

[3] The letter is set out below:

PO BOX 318
FREMONT NE 68026                                              03/14/2016

RETURN SERVICE REQUESTED

                                              CREDIT BUREAU SERVICES, INC.
                                                          1-888-859-4260
                                              Online payments: creditpartners.com/pmt

B-10
Ref#: C235658

                                                      To be sure of proper credit
                                                      and to STOP further procedure
                                                      make payment in full to our office

**URGENT - DATED MATERIAL**

JAMES M BASSETT
[address redacted]
FREMONT NE 68025

                                              Balance Due:    405.85

Please return this with your Payment

Dear   JAMES M BASSETT
       KELLY M BASSETT

We urgently need to speak with you about the accounts listed below. We have scheduled an appointment for 3:00 pm on 03/21/2016 to discuss your accounts. Please call 888-859-4260 or visit our Norfolk office at 122 Norfolk Ave for your appointment.

If you fail to keep this appointment or pay the balance by that date, we shall proceed with collection efforts.  Should you have any questions or are unable to make your appointment, please contact us at the number above.

| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | _ _ _ _ _ _ _ _ |
|---|---|
| GENERAL RADIOLOGY PC (A-L) | $66.47 |
| GENERAL RADIOLOGY PC (A-L) | $69.19 |
| HEARTLAND ORTHOPEDIC #1 | $114.30 |
| GENERAL RADIOLOGY PC (A-L) | $13.18 |
| GENERAL RADIOLOGY PC (A-L) | $7.47 |
| GENERAL RADIOLOGY PC (A-L) | $24.90 |
| GENERAL RADIOLOGY PC (A-L) | $36.43 |

the letter is in substantial conformity with 9,796 form collection letters sent by Credit Bureau Services during the relevant time period. Filing No. 51-8, Ex. 4B, Deposition of C.J. Tighe ("Tighe 30(b)(6) Dep.") at 8-9, 48-52; Filing No. 52-2, Tighe Dep. Ex. 22, Spencer Fane letter. A collection letter strikingly similar to Exhibit A here was the subject of *Reynolds v. Credit Bureau Servs., Inc.*, No. 8:15-cv-168, 2016 WL 2859604, at *1 (D. Neb. May 16, 2016) ("Defendants agree to change the form collection letter that is the subject of this litigation"); *id.*, Filing No. 1-1, Letter. Defendants agreed to stop using the challenged letter going forward. *See id.*, No. 8:15-cv-168, Filing No. 19-1, Settlement Agreement at 9-10. Comparison of the letter at issue herein and the letter involved in the Reynolds litigation shows only minor edits. *Compare Reynolds*, No. 8:15cv168, Filing No. 1-1, Ex. A with Filing No. 1-1, Ex. A.[4]

---

| | |
|---|---|
| GENERAL RADIOLOGY PC (A-L) | $73.91 |
| | TOTAL $405.82 |

If Payment has been made, Please disregard this notice.

Interest and other charges may accrue daily.

SEE REVERSE SIDE FOR IMPORTANT MESSAGE.

Filing No. 1-1, complaint, Ex. A at 1. The reverse side contains the message "Credit Bureau Services – a debt collector – is attempting to collect a debt. Any information obtained by our office will be used for that purpose." *Id.* at 2.

[4] The letter at issue in *Reynolds* stated:

> An appointment has been made for [date and time] to discuss your account. If you fail to keep this appointment or pay the balance by that date, we shall proceed with the necessary final action.
> Should you have any questions, please contact us at the above number or visit our office at 122 Norfolk Ave, Norfolk NE 68701.

*Reynolds*, No. 8:15-cv-168, Filing No. 1-1, Ex. A.

In the letter at issue, immediately above the addressee's name, the letter states: "URGENT - DATED MATERIAL." *Id.* The letter does not state the name of the patient or the dates of service for the alleged accounts. Filing No. 66-2, Ex. 6A, Tighe dep. at 5, 7; Filing No. 51-8, Ex. 4B, Tighe 30(b)(6) Dep. at 57, 61, 66. The original creditor provides that information to Credit Bureau Services. Filing No. 51-7, Ex. 4A, Deposition of Darcy Kreikemeier ("Kreikemeier Dep.") at 22-23, 60.

The record shows defendants Credit Bureau Services, Inc. and C.J. Tighe are debt collectors. Filing No. 51-8, Tighe 30(b)(6) Dep. at 17-19, 46. Defendant C.J. Tighe is the president and sole shareholder of Credit Bureau Services, and she manages and operates the business. Filing No. 66-2, Ex. 6A, Tighe Dep. at 2; Filing No. 51-4, Ex. 3A, Deposition of C. J. Tighe, ("Tighe Dep.") at 2, 11-12. Tighe testified that she oversees everything that is done and establishes all procedures on the accounts. Filing No. 66-2, Ex. 6A, Tighe Dep.at 48. Mrs. Tighe drafted the version of Exhibit A at issue. *Id.*, Tighe Dep. at 55; Filing No. 51-8, Tighe 30(b)(6) Dep. at 13. Tighe admits she: "created, approved, directed, and supervised the preparation and sending of letters in the form of Exhibit A to plaintiff and the [purported] class members Filing No. 51-9, defendants' responses to discovery (first set) at 9.

Mr. Bassett passed away on August 7, 2016. Filing No. 59-4, Ex. B-1, Deposition of Kelly Bassett ("Bassett Dep.") at 13. Plaintiff testified that she thought the defendants' letter was a threat to sue her if she did not pay. *Id.* at 56. Mrs. Bassett expressed confusion several times during her deposition. *Id.* at 48-57. She reiterates her confusion in her declaration. Filing No. 66-15, Ex. 8, Declaration of Kelly Bassett at 3.

5

One of the creditors listed on the collection letter at issue was General Radiology. Filing No. 1-1, Ex. A. Its manager testified that General Radiology did not charge interest or add other charges on their accounts. Filing No. 51-7, Ex. 4A, Kreikemeier Dep. at 51. Defendant Tighe was unable to testify to a single "other charge" associated with the Bassett account. Filing No. 66-2, Tighe Dep. at 7; Filing No. 51-8, Tighe 30(b)(6) Dep. at 67; Filing No. 51-4, Tighe Dep. at 9, 114-115. There is evidence that one of the creditors listed in the letter to the Bassetts charges interest. Filing No. 59-4, Bassett Dep., Ex. 47, Statement of Responsibility.

Defendants internally designated Exhibit A (the challenged letter) as "B-10." Filing No. 51-8, Tighe 30(b)(6) Dep. at 2, 11-12. The defendants' computer system keeps track of different form letters used. *Id.* at 12. Defendants' computer keeps accessible records as to whom each form letter was sent and can identify class members. *Id.* The computer system can identify letters sent several years ago and can even identify the collector requesting said letters. *Id.* at 5-7, 36-37, 41-42. Tighe testified that the defendants' computer system inserts names, addresses and amounts allegedly due, and prints Exhibit A (Form letter B-10) when a debt collector requests a hard-copy letter for mailing. *Id.* at 5, 34. When Credit Bureau Services sends a letter, its computer system denotes it in each electronic consumer's profile. *Id.* at 39-41. Credit Bureau Services recorded the challenged letter (Filing 1-1, Exhibit A) as "B10" in Credit Bureau Services' electronic consumer profile for the Bassetts. Filing No. 52-1, Dep. Ex. 19, collection notes at Bates 0029.

II. Law

    A.    Standards

        1.    Motions to Dismiss

A motion to dismiss based on standing is properly brought under Rule 12(b)(1), because standing is a jurisdictional matter. *Disability Support All. v. Heartwood Enterprises, LLC*, 885 F.3d 543, 547 (8th Cir. 2018). A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* In reviewing a pleading, the court may generally consider documents attached to it. *Brown v. Green Tree Servicing LLC*, No. 15-1527, 2016 WL 1579022, at *1 (8th Cir. Apr. 20, 2016) (regarding mortgage and notice); *Great Plains Trust Co. v. Union Pac. R.R.*, 492 F.3d 986, 990 (8th Cir. 2007) (stating the court may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). To survive a motion to dismiss for failure

to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). The stated claim for relief must be "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although a plaintiff need not allege facts in painstaking detail, the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).

2. Summary Judgment

Under Federal Rule of Civil Procedure 56, on a motion for summary judgment, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

A filing of cross-motions for summary judgment does not "necessarily indicate that there is not dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211,

1214 (8th Cir. 1983). Consequently, "where conflicting inferences as to a material fact may reasonably be drawn from the materials before the court, the case is not appropriate for summary judgment." *Id.*

B. Standing

Jurisdiction is a threshold issue for this Court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrystler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

"The issue of standing involves constitutional limitations on federal court jurisdiction under Article III of the Constitution, which confines the federal courts to adjudicating actual 'cases and controversies.'" *See Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Oti Kaga v. South Dakota Hous. Dev. Auth.*, 342 F.3d 871, 878 (8th Cir. 2003). To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted). For an injury to be particularized, it must affect the plaintiff in

9

a personal and individual way. *Id.* Particularization is necessary to establish injury in fact, but it is not sufficient—an injury in fact must also be "concrete." *Id.* A "concrete" injury must be "de facto;" that is, it must actually exist. *Id.* (meaning real, not abstract). "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1549 (noting that "though tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete." "The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," such as where the statutory violation creates "risk of real harm." *Id.* "In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.*; *see Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 344 (7th Cir. 2018); *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 (11th Cir. 2016) (finding an injury to statutorily-created rights under the FDCPA and stating "Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures").

Following *Spokeo*, the Eighth Circuit requires a plaintiff to identify a risk of real harm that is neither speculative nor hypothetical in cases alleging violations of procedural rights. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (stating that in the context of Congressional statutes, a plaintiff must identify a material risk of harm, not a risk that is speculative or hypothetical and finding the plaintiff lacked standing to bring a claim based on an alleged violation of the Cable Communications Policy Act's retention of personal information provisions where plaintiff failed to identify any risk of harm due to the retention); *Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685,

10

691–92 (8th Cir. 2017) (finding the plaintiff had standing and noting that ""[w]ith § 1692f(1), Congress identified a harm—being subjected to attempts to collect debts not owed."").

An alleged violation of § 1692e(8) is sufficient to show an injury-in-fact. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018). A false representation of the amount of a debt that overstates what is owed under state law materially violates 15 U.S.C. § 1692e(2)(A). *Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1038 (8th Cir. 2018). A demand to pay an amount of debt "unauthorized . . . or even 'slightly overstated'" under state law is actionable as a false statement or unfair collection attempt. *Braitberg*, 836 F.3d at 932. Also, an attempt to collect a debt amount that the debtor does not legally owe is a material violation of §§ 1692e and 1692f. *Coyne*, 895 F.3d at 1038.

C. FDCPA

"The FDCPA was passed 'to eliminate abusive debt collection practices.'" *Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981-82 (8th Cir. 2016)* (quoting *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015). "It broadly "prohibits a debt collector from making a 'false, deceptive or misleading representation or means in connection with the collection of any debt,' and from using 'unfair or unconscionable means to collect or attempt to collect any debt,' " *Id.* (quoting 15 U.S.C. §§ 1692e & 1692f).

In addition to these general prohibitions, the FDCPA sets forth several specific examples of prohibited actions. *Id.*

> For example, § 1692e(2) prohibits any "false representation of . . . the character, amount, or legal status of any debt[.]" Section 1692e(5) prohibits threats "to take any action that cannot legally be taken or that is not intended

11

> to be taken." Section 1692f(1) prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." And, § 1692g(a) imposes on debt collectors a duty to include certain content[5] in an initial communication with a debtor (or in a follow-up writing sent within five days).

*Id.* at 981–82 (8th Cir. 2016). Section 1692e(2)(A) prohibits misrepresenting the legal status of a debt, and § 1692e(5) prohibits pursuing action not legally entitled to be taken. A materiality standard applies to § 1692e. *Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018)(noting that "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *see also Coyne* 895 F.3d at 1038. A violation is material if it is important in the sense that it could objectively affect the least sophisticated consumer's decisionmaking. *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015). "[A]s a general matter, [courts] view the confusing nature of a dunning letter as a question of fact." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Under 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "Although the FDCPA does not say 'what a "true name" is, its import is straightforward: A debt collector may not lie about his institutional affiliation.'" *See Sheriff v. Gillie*, 136 S. Ct. 1954, 1602 (2016).

---

[5] The content required is . . . , § 1692g(a)(1) requires that a debt collector accurately state the "amount of the debt" within its initial collection letter. § 1692g(a)(1) A debt collector must disclose, in an initial written or oral communication with a debtor, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11) (emphasis added). Section 1692g(a)(3) provides that debt collector's validation notice contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. §§ 1692g(a)(3). Under 15 U.S.C. § 1692g, a debt collector must send a consumer written notice of a debt within five days after the debt collector's initial communication with the consumer. The written notice must contain certain information, including the amount of the debt and statements about the consumer's rights and responsibilities. 15 U.S.C. § 1692g.

12

To succeed under the FDCPA, a plaintiff must prove the following elements: (1) plaintiff is a consumer, (2) the payment obligation defendant seeks to recoup was a "debt" as defined by the statute, (3) the defendant is a "debt collector" as defined by the statute, and (4) the defendant violated any of the protections afforded by the FDCPA. *Dunham v. Portfolio Recovery Assocs.,* LLC, 663 F.3d 997, 1001 (8th Cir. 2011). When evaluating whether a communication is false, deceptive, or misleading, courts consider the perspective of an unsophisticated consumer. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). "Th[e] standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317–18; *see also Peters*, 277 F.3d at 1055 (noting that the unsophisticated-consumer test prevents liability for bizarre or idiosyncratic interpretations of collection notices. The unsophisticated consumer test is a practical one, and statements that are merely "susceptible of an ingenious misreading" do not violate the FDCPA. *Peters*, 277 F.3d at 1056.

III.  DISCUSSION

The Court first finds that the defendants' motion for summary judgment and to dismiss for lack of standing should be denied. The plaintiff has standing to sue. The record shows that the defendants sent the challenged letter to the Bassetts and the plaintiff testified they received it. The plaintiff alleges an injury—the violation of her right

13

not to be the target of misleading debt-collections communications.  A right conferred by statute has allegedly been violated.  Under the statute, the plaintiff can maintain a private cause of action to enforce that right.  The plaintiff contends the defendants' conduct caused the injury and an award of statutory damages will redress it.  The Court is satisfied that plaintiff has alleged a concrete, particularized injury sufficient to show standing to bring her claims.  Accordingly, the Court finds the defendants' motion to dismiss for lack of subject matter jurisdiction should be denied.

To the extent the defendants move to dismiss for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), their arguments were generally addressed in the court's earlier order on their first motion to dismiss.  *See* Filing No. 20, Memorandum and Order.  Contrary to their assertion, the defendants have not produced evidence that shows the letter was not false or misleading in violation of section 1692e, so as to mean the plaintiff is unable to state a claim for relief.  The arguments that relate to purported claims for failure to provide disclosure under § 1692(g) are unavailing since any allegedly inadequate disclosures are evidence that relates to the plaintiff's claims under 1692(e).  The plaintiff need not set out her claims with particularity and would likely be allowed to amend her pleadings to assert such a claim.  In any event, the order on pretrial conference will supersede the pleadings.  Further, based on the record, the defendants cannot claim surprise if the plaintiff were to assert such a claim.

The Court finds the defendants' motion for summary judgment should also be denied.  The record shows there are factual disputes on numerous issues.  In support of their motion, the defendants rely on an incomplete and non-contextual reading of the plaintiff's deposition.  The Court has reviewed the parties' submissions and finds the

plaintiff's deposition testimony does not support the weight the defendants place on it.  In context, the evidence shows a considerable level of subjective confusion on the part of the plaintiff.  Whether the letter would be objectively misleading or deceptive to an unsophisticated consumer is a question for the jury.  Also, viewed in the light favorable to the plaintiff, the evidence shows there are genuine issues with respect to whether the letter was false in that it sought recovery of sums that were not owed.

Conversely, the Court finds the plaintiff's motion for a partial summary judgment on liability should also be denied.  The issue is whether the correspondence, from the perspective of an unsophisticated consumer, is false or misleading.  Resolution of that issue is a question of fact.  The plaintiff has submitted evidence that shows or tends to show that the collection letter suffers from numerous defects that may violate the FDCPA.  In particular, the plaintiff has shown that she may not have owed any interest or additional amounts on the debt, which were alleged to be accruing daily.

There is disputed evidence and contradictory testimony on the facts that underlie the determination of whether the alleged shortcomings of the form letter, separately, or in combination, rise to the level of a false or misleading communication.  The plaintiff claims the natural consequence of the letter was confusion. The Court agrees with the plaintiff that the defendants' letter has internal inconsistencies, demands, and threatening language but, based on the present record, the Court cannot say that the letter is false or misleading as a matter of law.  Nevertheless, the Court finds the plaintiff's assessment of the letter is not bizarre or idiosyncratic.  The letter implies a false sense of urgency, confused by making an appointment in Norfolk but lists another address in Fremont, states there may be daily accrual of interest and other undefined charges, demands

payment in full to prevent further unspecified procedures, and threatens to proceed with collection efforts. It appears that the defendants' threat of additional charges and interest being assessed is an overstatement of the amount, but the defendants dispute that contention. Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for partial summary judgment (Filing No. 63) is denied.

2. The defendants' motion to dismiss and for summary judgment, (Filing No. 70) is denied.

3. The defendants' motion to strike, Filing No. 67, is denied as moot.

Dated this 4th day of January 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge