IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:16CV449<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on plaintiff's motion for approval of class notice, Filing No. 86; the defendants' motion to stay, Filing No. 88, and the plaintiff's objections thereto, Filing No. 90. This is a certified class action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Nebraska Consumer Practices Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq.* The plaintiff challenges a collection letter sent to her by defendants.

I.  BACKGROUND

In conformity with this Court's order granting the plaintiff's motion for class certification, the plaintiff moves for approval of class notice. *See* Filing No. 84, Memorandum and Order. Defendants Credit Bureau Services, Inc. and C.J. Tighe ("the defendants") oppose the motion, contending that notice is premature, pending permission to pursue an interlocutory appeal in the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). *See* Filing No. 86. The Eighth Circuit has now

denied the defendants' motion for an interlocutory appeal and their motion for a stay and plaintiff's objections thereto are moot.

II. LAW

For any class certified under Federal Rule of Civil Procedure 23(b)(3) "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(B). Rule 23 requires that the notice to a settlement class state: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. (c)(2)(B)(i)-(vi).

III. DISCUSSION

The Court has reviewed the plaintiff's proposed form of notice and finds that the notice by first class mail to class members constitutes the best notice practicable under the circumstances. Because the notice program will provide direct notice to all class members the requirements of Rule 23 and due process are met. The proposed notice provides all the information required by the rule, along with a plain language description of the case and an explanation of what a class action is and what the case is about. The Court finds the motion for approval of class action notice should be granted and the proposed notice (Filing No. 86-1) should be approved. Accordingly,

IT IS ORDERED:

1. Defendants' motion to stay (Filing No. 88) and the plaintiff's objections thereto (Filing No. 90) are denied as moot.

2. The plaintiff's motion for approval of class notice (Filing No. 86) is granted.

3. The plaintiff's proposed notice to the class (Filing No. 86-1) is hereby approved.

4. The plaintiff shall issue notice in substantially the same form as Filing No. 86-1 ("the Notice") to be delivered to class members by First Class United States Mail, based on address information gathered from business records of the defendants.

6. Defendants shall provide the names and addresses of the class members to class counsel within four (4) weeks of the date of this order; the plaintiff shall mail the Notice to the class members within twenty-one (21) days of receipt of the information from the defendants; the class members shall be directed to opt-out or intervene within sixty (60) days of the date of mailing the Notices.

7. First Class, Inc. is appointed class administrator for sending of the Notice.

8. Pursuant to Local Rule 23.1(b), the notice to class members must specifically state that all documents sent to the court by any class member, including any letter or document expressing the member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

9. The parties are directed to contact the chambers of United States Magistrate Judge Susan Bazis within seven (7) days of the date of this order to schedule a status conference to discuss further progression of this case.

Dated this 9th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge