**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:16CV449<br><br>**THIRD AMENDED FINAL PROGRESSION ORDER** |

This matter is before the Court on the parties' Joint Stipulation to Extend Case Progression Deadlines. ([Filing No. 128](#).) The motion is granted. Accordingly,

The provisions of the Court's previous Final Progression Orders shall remain in effect and in addition to those provisions, the following shall apply:

1) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **September 9, 2020** at **10:00 a.m.**, and will be conducted by internet/telephonic conferencing. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.) The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, **by 12:00 p.m. on September 4, 2020**. The trial date will be set at the telephonic status conference or at the pretrial conference.

2) Notice Deadlines: The deadline to send class notice is **December 2, 2019**. The deadline for class members to opt out or intervene is **January 31, 2020**.

3) A telephonic conference to discuss the status of case progression and trial setting will be held with the undersigned magistrate judge on **May 28, 2020 at 10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **March 16, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **March 30, 2020**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **March 16, 2020**
    For the defendant(s): **April 16, 2020**

6) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **March 16, 2020**
    For the defendant(s): **April 16, 2020**
    Plaintiff(s)' rebuttal: **April 30, 2020**

7) The deposition deadline is **June 2, 2020**.

    a. Depositions will be limited by Rule 30(d)(1).

8) The deadline for filing motions to dismiss and motions for summary judgment is **June 2, 2020**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 16, 2020**.

10) Motions in limine shall be filed thirty (30) days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 6th day of February, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.