IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | **8:16CV449**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion for partial summary judgment, Filing No. 121. This is a class action for violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. ("NCPA").[1]

I.     BACKGROUND

The facts are set forth in the Court's Memorandum and Order on an earlier motion for summary judgment and need not be repeated here. *See* Filing No. 83, Memorandum and Order at 3-6. In her earlier motion for summary judgment, the lead plaintiff challenged a letter representative of those sent to the class as false or misleading as a matter of law under 15 U.S.C. § 1692e. Filing No. 63, Motion; *see* Filing No. 1-1, Complaint, Ex. A. The Court found there were issues of fact on whether the letter would be objectively misleading or deceptive to an unsophisticated consumer. Filing No. 83, Memorandum and Order at 14-15. Similarly, the Court rejected the defendants' cross-motion for

---

[1] Plaintiff's Motion for Class Certification was granted on January 4, 2019. Filing No. 84; *Bassett v. Credit Bureau Servs., Inc*., 2019 WL 112272 (D. Neb. Jan. 4, 2019). The parties agreed that 3,663 class members will receive notice. Filing No. 107, Order at 1.

1

summary judgment on the plaintiff's § 1692e claim and denied its motion to dismiss the plaintiff's § 1692g claim. *Id.*

The plaintiff now challenges the letter as a violation of 15 U.S.C. § 1692g, an issue that was not addressed in her earlier motion. She contends the issue can be resolved as a matter of law, arguing that undisputed evidence shows that the defendants' letter overstates the balance due by stating that interest will accrue, fails to identify the debtor and the date of service, and fails to include a validation notice as required under § 1692g.[2]

The defendants do not dispute the letter fails to state the date of services or identify to whom services were provided. They argue that those facts are not material because the letter at issue was not the first communication to the debtors, making a "validation notice" unnecessary. They also argue that the law of the case doctrine precludes the plaintiff's motion.

II.  Facts

The parties agree that defendant Credit Bureau Services, Inc. is a debt collector. Credit Bureau Services sent the Bassetts a letter dated March 14, 2016, found at Filing No. 1-1, Exhibit ("Ex.'") A. The purpose of the letter was to collect alleged debts arising from medical services for the plaintiff and her deceased husband from General Radiology, P.C. and Heartland Orthopedics. *See* Filing No. 122, Plaintiff's Brief at 4-6, Statement of Undisputed Facts; Filing No. 123, Defendants' Brief at 3 -6, Statement of Undisputed Facts.

There is evidence that Credit Bureau Services attempts to collect interest on accounts. Filing No. 51-7, Ex. 4A, Deposition of Darcy Kreikemeier ("Kreikemeier Dep.")

---

[2] A validation notice informs the debtor of the right to challenge the validity of the debt, and states that the debt will be assumed to be valid unless the debtor does so within 30 days.

at 51. The record shows that the challenged letter contains a total of eight separate accounts. Filing No. 1-1, Ex. A. The letter at issue does not contain a statement that the debtor has thirty days to dispute the debt or it will be assumed valid. *Id.* Nor does the letter state the name of the patient, dates of service for the alleged accounts, or account numbers. *Id.* In her declaration, defendant C.J. Tighe stated that prior to sending the letter at issue to the Bassetts, CBS transmitted numerous other letters to them. Filing No. 59-1, Declaration of C.J. Tighe ("Tighe Decl.") at 3; Filing No. 51-8, Rule 30(b)(6) Deposition of C.J. Tighe ("Tighe Dep.") at 12, 35-36. The record is unclear as to whether the letter at issue was the first correspondence to the Bassets regarding the accounts that are the subject of the letter. Filing No. 51-8, Tighe Dep. at 36-37.

There is also evidence that under the Bassetts' contract with Heartland Orthopedics, Heartland could charge 16% interest annually on all accounts that were outstanding for more than 60 days after the date of service. Filing No. 59-1, Tighe Decl. at 3; Filing No. 59-4, Deposition of Kelly Bassett, ("Bassett Dep.") at 75-76, Ex. 4, Statement of Responsibility. Further, evidence shows that CBS's computer system allows CBS to assess interest and/or charges on accounts and some of CBS's contracts with clients provide for other charges, including delinquency fees. Filing No. 59-1, Tighe Decl. at 4.

II. LAW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016). In reviewing a motion for summary judgment, the Court views "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

Under the FDCPA, a debt collector has a duty to include certain content in an initial communication with a debtor or in a follow-up writing sent within five days. 15 U.S.C. § 1692g(a). The specific content includes:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see Haney v. Portfolio Recovery Assocs.*, 895 F.3d 974, 981 n.5. A debt collector must disclose, in an initial written or oral communication with a debtor, "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11) (emphasis added). Section 1692g(a)(3) provides that debt collector's validation notice contain "a statement that

unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. §§ 1692g(a)(3). "Congress adopted 'the debt validation provisions of section 1692g' to guarantee that consumers would receive 'adequate notice' of their rights under the FDCPA." *Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

The Seventh Circuit takes a more strict approach to § 1692g violations than the Eighth Circuit. *Compare Huff v. Dobbins*, Nos. 98–2286, 98–2861, 1999 WL 370036 at *4 (7th Cir. June 2, 1999) (noting that "[t]he statute 'leaves no room for deviation in the language of the validation [of debts] notice.'" (quoting *Jang v. A.M. Miller and Assocs.*, 122 F.3d 480, 482 (7th Cir.1997)); *and Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875–76 (7th Cir. 2000) (requiring the debt collector to state the total amount due—interest and other charges as well as principal—on the date the dunning letter is sent); *with Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 956 (8th Cir. 2006) (stating that a technical and meaningless omission by a debt collector will not amount to a violation and finding substantial compliance with the debtor-protection purposes of the statute).

"The law-of-the case doctrine prevents parties from relitigating a settled issue in a case." *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations omitted). Under the doctrine, courts are required to "adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" *Jacobs v. Fareportal, Inc.*, 2018 WL 6592663, at *2 (D. Neb. Dec. 14, 2018).

5

III.   DISCUSSION

The Court first finds that the law of the case doctrine does not bar the plaintiff's motion.  In the earlier motion, Bassett did not move for a summary judgment in her favor on the alleged violation of § 1692g and the Court found against the defendants on their motion to dismiss that claim.  The § 1692g issue is not settled in this case.  Further, the defendants do not assert that the plaintiff violated case-specific deadlines or the progression order.

Nevertheless, the Court finds that Bassett is not entitled to summary judgment on the § 1692(g) claim.  Though the letter at issue does not contain the content that the stature requires of an initial communication, there are issues of fact on whether the subject letter was the initial communication from the debt collector.  There is evidence that other communications were sent to the debtor.  The substance and timing of the communications can be explored at trial.  Bassett has not rebutted that evidence by providing proof she or her decedent were never provided an initial notice of their right to dispute the debt and to request verification that is required by § 1692g(a).

On this record, the Court cannot determine whether the subject letter was the initial communication from the debt collector.  In view of the contradictory evidence on that topic, the resolution of the § 1692g issues may involve assessments of credibility.  Also, the materiality of the defendant's omissions, if any, are a matter for the jury.  *See, e.g.*, [Wilhelm v. Credico, Inc., 519 F.3d 416, 419 (8th Cir. 2008)](#) (whether an unequivocal threat to sue a consumer without informing him or her of the right to dispute the debt amounts to a false, deceptive or misleading means to collect a debt is a question to be submitted to the jury "applying an objective standard based upon the understanding of the

'unsophisticated consumer'" (quoting *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir.2002)).

The Court finds that the plaintiff's reliance on Seventh Circuit caselaw is misplaced. Those cases are not binding on this Court and in the Eighth Circuit a debtor is not strictly liable for an omission of content required under § 1692g. The § 1692g claims are connected to the other alleged shortcomings of the letter at issue. The Court finds the plaintiff has not shown she is entitled to partial summary judgment on the 15 U.S.C. § 1692g claims. Accordingly,

IT IS ORDERED that the lead plaintiff's motion for partial summary judgment (Filing No. 121) is denied.

Dated this 6th day of May, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge