IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:16CV449<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motions in limine, Filing No. 158, 160, 162, 164, 166, and the plaintiff's motions in limine, Filing No. 168 and 174. This is a class action for violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. ("NCPA").[1]

I.  LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the

---

[1] Plaintiff's Motion for Class Certification was granted on January 4, 2019. Filing No. 84; *Bassett v. Credit Bureau Servs., Inc.*, 2019 WL 112272 (D. Neb. Jan. 4, 2019). The parties agreed that 3,663 class members will receive notice. Filing No. 107, Order at 1.

1

trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Accordingly, evidence of other similar incidents is inadmissible and prejudicial. *Haynes v. Coughlin*, 79 F.3d 285, 291-293 (2d Cir. 1996). "The award of attorney fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991).

II. DISCUSSION

    A. Defendants' motions

        1. Motion in limine to bar any evidence of other debt collection activities or alleged FDCPA or NCPA violations (Filing No. 158).

Defendants assert that the only communication that is relevant in this case is Credit Bureau Service's letter dated March 14, 2016. Defendants move in limine to bar evidence of Defendants' other debt collection activities or alleged FDCPA and/or NCPA violations. Defendants argue that such evidence of nonparty claims against these Defendants should not be used to establish that the letter in this case violates the FDCPA/and or NCPA. The defendants refer to two cases against Credit Bureau Services that involve strikingly similar collection letters, namely, *Reynolds v. Credit Bureau Services*, 8:15-CV-00168 (D. Neb) and *Myers v. Credit Bureau Services,* 8:20-CV-0041 (D. Neb).

In response, the plaintiff argues that that these cases are relevant to damages and such evidence and argument should be permitted. Under the FDCPA, the trier of fact can consider certain enumerated factors, including the frequency and persistence of the debt collectors' noncompliance, the nature of the noncompliance, the resources of the debt collector, the number of persons affected and the extent to which the debt collectors' noncompliance was intentional in determining a damages award. 15 U.S.C. § 1692k.

The Court agrees with the plaintiff that the other case evidence may be relevant to the issue of damages. At the least, the *Reynolds* proceeding is part of the factual predicate for the events at issue. It is part of the story. Credit Bureau Services started using the version of the letter at issue after it was sued for using a similar letter in the *Reynolds* case. The letter at issue contains language arguably similar to that challenged in *Reynolds*. A revised version of the letter at issue here is challenged in the pending *Myers* case.

The Court finds the letters at issue in the two other cases may be relevant to damages, provided there is a showing of similarity. The defendants' argument that any alleged FDCPA noncompliance must be limited to the letter at issue would render the "frequency and persistency of the violation" language on damages superfluous. Accordingly, the Court finds the defendants' motion in limine to exclude evidence of other cases against the defendants should be denied.

The defendants also seek to preclude evidence or argument on collection activities involving the Bassetts that do not arise out of the March 14, 2016, collection letter. The Court finds the motion should also be denied as to that evidence. There is a question of fact as to whether the initial correspondence with the Bassets is the letter at issue. Other communications could be relevant to that determination. Also, other collection activities could bear on the issue whether the letter's lack of account numbers, patient names and

dates of service cause confusion. The evidence may be subject to a limiting instruction, but the Court cannot determine the parameters of any such instruction at this time. Accordingly, the Court finds that portion of the defendants' motion should also be denied at this time.

    2.    Defendants' motion in limine to bar any testimony, evidence, or claim that Exhibit A violates 15 U.S.C. § 1692g(a) (Filing No. 160).

The defendant asserts that the plaintiff did not raise a 1692g claim in her complaint. The Court found in earlier orders that the plaintiff's allegations invoked a claim under that subsection of the statute. *See* Filing No. 83, 84, and 194. The defendants cannot claim surprise because the Court's orders put them on notice more than two (2) years ago that the plaintiff asserts an § 1692g claim. Accordingly, the Court finds the defendant's motion in limine should be denied.

    3.    Defendants' motion to exclude of any evidence and argument related to practices of the debt collection industry (Filing No. 162)

Defendants argue that any industry-wide evidence is irrelevant, prejudicial, and misleading. The Court agrees that evidence that does not relate to the conduct challenged in this case is of little relevance to his action and has the potential to be unfairly prejudicial. However, the DFCPA was enacted to combat abusive debt collection practices and Congressional findings and the FDCPA's declaration of the purpose address that fact. The Court finds a limited reference to industry practices may be necessary to provide the jury with necessary context. The background of industry practices may be relevant to the determination of damages. The Court cannot ascertain the relevance of any such evidence on a pretrial motion. Accordingly, the motion will be denied at this time without prejudice to reassertion at trial.

    4.    Defendants' motion in limine to prohibit plaintiff from offering any evidence, arguments, or comment about the financial condition of the

parties, including, but not limited to, defendants' net worth (Filing No. 164)

The parties have stipulated to net worth for purposes of capping damages. The evidence is clearly appropriate for the purpose of ascertaining damages and will be admitted only for that purpose. Accordingly, the defendants' motion will be denied.

>   5.  Defendants Motion in Limine to prohibit plaintiffs from offering evidence and arguments that she has alleged actual damages including emotional distress (Filing No. 166).

The defendants contend that the plaintiff should be prohibited from adducing evidence of actual damages because she denied any actual damages in answers to interrogatories and requests for admission. The plaintiff concedes that she does not seek actual damages on her own behalf, but initially stated that she seeks actual damages for the class, consisting of interest and other charges improperly collected by defendants on medical provider accounts. She has since clarified her position and that states she does not seek actual damages for herself or the class she represents but embraces the notion that she and the class sustained injuries without claiming damages. *See* Filing No. 185; Filing No. 195. Accordingly, the defendants' motion in limine will be denied as moot to the plaintiff's and class's damages. The plaintiff's and the class's claims are not precluded for failure to prove actual damages. With respect to the plaintiff's decedent James Bassett's damages, it is not clear to the Court what damages are sought. The plaintiff states that she will limit testimony at trial to testimony concerning the events of the Bassetts' life during the months relevant to this lawsuit—from March 2016 through Mr. Bassett's passing. Filing No. 195 at 3. Accordingly, the Court will deny the defendant's motion in limine at this time, without prejudice to a timely objection at trial.

>   B.  Plaintiff's Motions
>
>       1.  Motion in Limine (Filing No. 168).

The plaintiff moves in limine for an order barring the defendants from: (a) referring to or arguing that the Bassetts are deadbeats, criminals, opportunists or similar characterizations; (b) mentioning that plaintiff, if successful in this litigation, may seek the award of attorneys' fees and costs of this litigation from the defendants; (3) mentioning that the defendants' financial viability since net worth of the Defendants has been agreed and stipulated for purposes of this trial; (4) mentioning that the Bassetts were involved in previous FDCPA litigation; and (5) mentioning that the plaintiff or her deceased husband have been involved in previous litigation of any type.

The defendants state that they do not intend to illicit testimony or evidence pertaining to an argument that the Bassetts are "deadbeats," "criminals," or "bad persons," however, they argue that testimony that the debts are the Bassetts' debts and the Bassetts do not and did not dispute that fact is relevant to this case. They contend that such evidence is necessary to the jury's understanding of the case. It appears the parties are in general agreement concerning this motion. The Court is unable to evaluate the relevance or probative value of evidence the defendant intends to ellitic in a pretrial motion. Accordingly, the motion will be denied at this time without prejudice to a timely objection at trial.

The plaintiff asks that the Court preclude the mention of a potential award of attorneys' fees should Ms. Bassett prevail in this case. Defendants contend that the attorney fees evidence is relevant in only two circumstances: when a plaintiff asserts that maintenance of a class is necessary because the purported class members' potential recovery is low, thereby making it difficult for class members to retain counsel, and when the jury should be informed that not to include attorney fees in the jury's calculation of any damages. See Filing No. 187, Defendants' Brief at 2. In connection with that argument, defendants contend that they believe that counsel should be free to question jurors in voir

6

dire on how they would arrive at an award of actual damages and whether they would feel it necessary to include attorneys' fees in that award. The Court disagrees. It appears that actual damages will have little, if any, relevance in this case. The plaintiff does not seek actual damages on her behalf or that of the class. *See* Filing No. 195, Plaintiff's Notice at 1-2. The determination of attorney fees is a matter for the Court. Evidence or argument on the topic in the presence of the jury would be appropriate only to rebut an inference that the jury's award could include attorney fees. Depending on the evidence, a cautionary instruction may be warranted. The Court thus finds that the plaintiff's motion should be denied without prejudice to reassertion should that circumstance arise.

The plaintiff next states she anticipates the defendants may adduce evidence of financial condition to bolster an argument that a judgment in favor of the plaintiff would bankrupt the company. The parties have stipulated to Defendants' net worth for determination of statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(B) of the FDCPA. Filing No. 151. The defendants state they do not intend to introduce any evidence as to their net worth. To the extent that evidence, testimony or argument is presented that attempts to contradict or diminish the defendant's net worth, it will not be allowed. However, evidence pertaining to the size of the business of the number of employees is permissible background information. Accordingly, the motion is granted in part and denied in part as set forth in this order.

The plaintiff also asks the Court to preclude mention that the Bassetts have been involved in previous litigation, including, but not limited to prior FDCPA litigation. The defendants respond that such evidence is relevant to the plaintiff's knowledge or level of sophistication, if the plaintiff intends to use her own testimony as evidence of how an unsophisticated, but reasonable consumer would have viewed the letter at issue. Further,

defendants argue that, in the even the plaintiff adduces evidence of actual damages, including emotional distress, the evidence of past lawsuits is relevant to prove that the Bassetts' alleged emotional distress damages were caused by the actions of another debt collector rather than the defendants. The plaintiff indicates she does not claim actual damages, so the issue is likely moot. The motion is therefore denied without prejudice to reassertion at trial. The parties may raise a timely objection should any such situation arise.

    2.      Motion in Limine (Filing No. 174)

The plaintiff moves to exclude any discussion of the defendants' challenge to class certification in the presence of the jury. The Court has ruled on the certification and decertification issues and finds the motion should be granted. Class certification is an issue exclusively reserved to the Court. See Fed. R. Civ. P. 23(c)(1)(A). Accordingly,

IT IS ORDERED that the parties' motions in limine (Filing Nos. 158, 160, 162, 164, 166, 168, and 174) are granted in part and denied in part as set forth in this order.

Dated this 14th day of June 2020.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        Senior United States District Judge