IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of JAMES M. BASSETT, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC. and C.J. TIGHE,<br><br>Defendant. | **8:16CV449**<br><br>**INITIAL INSTRUCTIONS** |

**INSTRUCTION NO. 1**

**DUTY**

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.  From the evidence, you will decide what the facts are.  You are entitled to consider the evidence in the light of your own observations and experiences in life.  You may use reason and common sense to draw deductions from facts established by the evidence.  You will then apply those facts to the law which I give you in these and the other instructions.  In that way, you will reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree or disagree with the law stated in the instructions.

Do not allow sympathy or prejudice to influence you.  The law requires that your verdict be unaffected by anything except the evidence, your common sense, and the law stated in these and other instructions.

1

Anything that I may say or do during the trial must not be taken by you as an indication of what I think of the evidence or what I think your verdict should be.

**INSTRUCTION NO. 2**

**EVIDENCE**

The word "evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed, that is, facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.  Statements, arguments, questions and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe that the evidence being offered is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record or tell you to disregard are not evidence and must not be considered.

5.  Anything you see or hear about this case outside this courtroom is not evidence unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for

3

which the item can and cannot be used.  You should also pay particularly close attention to such an instruction because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence."  Direct evidence is direct proof of a fact, such as testimony by an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**INSTRUCTION NO. 3**

**BENCH CONFERENCES AND RECESSES**

During the trial it may become necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, the court and counsel are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can keep the number and length of these conferences to a minimum.

**INSTRUCTION NO. 4**

**JURY QUESTIONS**

While evidence is being presented, you are not allowed to raise your hands to ask questions about that evidence.  However, if you do have questions about something you hear during the examination of a witness, you may write your questions down on a piece of paper.  When the attorneys have finished examining that witness, you may submit your written question or questions.  I will review each question with the attorneys.  You may not receive an answer to your question because I may decide that the question is not proper under the rules of evidence.  The attorneys may choose to answer your questions by asking more questions of the witness.  But even if the question is proper, you may not get an immediate answer to your question.  For instance, a witness or an exhibit that you will see later in the trial may answer your question.

**INSTRUCTION NO. 5**

**NOTE-TAKING**

If you wish, you may take notes to help you remember what witnesses said.  Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  Therefore, you should pay close attention to the testimony as it is given.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case.  Do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

During the trial, documents or other physical items may be received into evidence. At the present, however, you will not be supplied with a list of exhibits which are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there. The courtroom deputy will take custody of your notes and secure them.

No one will read your notes but you.  Your notes will be destroyed after the trial is over.

**INSTRUCTION NO. 6**

**PREPONDERANCE OF EVIDENCE**

Your verdict depends on whether you find certain facts have been proved by a preponderance of evidence.  In order to find that a fact has been proved by a preponderance of evidence you must find that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.

You have probably heard of the phrase "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**INSTRUCTION NO. 7**

**WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, a witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 8

## CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with this case, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside this courtroom, do not let anyone tell you anything about this case or anyone involved in it until the trial has ended and I have accepted your verdict.  If someone should try to talk to you about this case during the trial, please report it to me or to the deputy clerk.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—it might arouse an unwarranted suspicion about your fairness.  If a lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or encounter each other elsewhere while this trial is taking place, do not think he or she is being rude.  Those persons are not supposed to talk or visit with you, either.

Fifth, you must decide this case on the basis of evidence presented in the courtroom.  Therefore, do not read any news stories or articles about the case, or about anyone involved with this case, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over you should probably avoid

10

reading any newspapers or news journals, and avoid listening to any TV or radio newscasts. There might not be any news reports of this case, but, if there are, you might find yourself inadvertently reading or listening to something before you realize what you are doing.

Sixth, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own.  Do not use or refer to a dictionary or any law books concerning any aspect of this case, including any evidence introduced.  Do not visit the scene of any incident mentioned in this case and do not use Internet programs or other devices to electronically search for or view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

Seventh, do not form an opinion about any fact or issue in the case until you have received all of the evidence, have heard arguments of counsel, have been instructed as to the law of the case, and have retired to the jury room.  Consequently, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and have discussed the evidence with the other jurors.

# INSTRUCTION NO. 9

## OUTSIDE COMMUNICATIONS AND RESEARCH

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom because the parties must have an opportunity to respond to any information you consider in deciding this case.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, chat rooms, social networking websites including Facebook, My Space, Instagram, LinkedIn or YouTube, or use your cell phones, iPhones, text messaging, Twitter or any other electronic tools or devices to obtain information about this case or to help you decide the case.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.  I hope that for all of you this case is interesting and noteworthy.  However, until you have returned a verdict and the case is at an end, you must not talk to anyone or communicate with anyone about the case by any means, electronic or otherwise.  This includes communications with your family and friends.  Such communication would compromise your fairness as jurors and may require your removal from the case and a retrial of this matter at considerable expense to the parties.

## INSTRUCTION NO. 10

### OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the attorney for the plaintiff may make an opening statement. Next, the attorney for the defendant may make an opening statement.  An opening statement is not evidence but is an outline of what the party intends to prove, a summary of what the attorney expects the evidence to be.

The plaintiff's attorney will then present evidence through a direct examination of a witness.  The defendant's attorney may then cross-examine that witness.  After the cross-examination, the plaintiff's attorney may ask additional questions on re-direct.  The defendant's attorney may also ask questions on re-cross.  After all of the plaintiff's witnesses have been presented, the plaintiff will rest.

The defendant's attorney will then present the defendant's case.  The defendant may present evidence through direct examination of witnesses and plaintiff's attorney may cross-examine those witnesses.  Re-direct and re-cross examinations may also take place.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  Just as with opening statements, these closing arguments are not evidence.  I will then instruct you further on the law.  After that, you will retire to deliberate on your verdict.

**INSTRUCTION NO. 11**

**STATEMENT OF THE CASE**

This action arises under of the Fair Debt Collection Practices Act ("FDCPA").  The FDCPA is a federal law that governs the conduct of debt collectors.  It was enacted by Congress to eliminate abusive debt collection practices.  The FDCPA bars a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of any debt and requires debt collectors to notify debtors of certain rights.

This case has been certified as a "class action."  This means the plaintiff Kelly Bassett has been appointed to represent several thousand Nebraska residents who were sent substantively the same standard collection letter by defendants Credit Bureau Services, Inc. and C.J. Tighe.  You may not draw any inferences about the merits of the case from the fact that it is a class action.

The plaintiff is suing on her own behalf, on behalf of the estate of her late husband, James Bassett, and on behalf of the class members.  She alleges that Defendants violated certain provisions of the FDCPA in a letter dated March 14, 2016, that defendant Credit Bureau Services sent to the plaintiff.  Specifically, the plaintiff alleges that the defendants used false, deceptive or misleading representations or means in connection with the collection of debts and did not include required information in the initial communication to her, in violation of the FDCPA, 15 U.S.C. §1692e and § 1692g.  She alleges that in a March 14, 2016, letter, the defendants created a false sense of urgency in the letter and caused confusion by failing to identify the patient on the account and omitting dates of service and account numbers.  She also alleges that the defendants

14

sought unauthorized interest and other charges, improperly suggested an appointment was required to validly protect FDCPA rights, wrongfully demanded payment in full to avoid other unspecified debt collection actions, and overstated the amount due.  Further, she alleges the letter was the first communication to her about the debts and it did not include the required notice of her right to dispute and/or request validation of the alleged debt.

The defendants deny the plaintiff's allegations.  They contend that the letter is not false or misleading and deny that the letter was the first communication with the debtors.

**INSTRUCTION NO. 12**
**UNCONTROVERTED FACTS**

The parties have agreed that the following may be accepted as established facts for the purposes of this case only:

1.     Plaintiff Kelly M. Bassett is a resident of Fremont, Dodge County, Nebraska.

2.     Plaintiff Kelly M. Bassett is the surviving spouse and heir of James M. Bassett.

3.     Credit Bureau Services, Inc., is a collection agency headquartered in Fremont, Nebraska.

4.     Credit Bureau Services, Inc. is in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone.

5.     Defendant Ms. Tighe is an individual and owner and shareholder of Credit Bureau Services, Inc.

6.     Defendant Ms. Tighe oversees Credit Bureau Services, Inc.'s business.

7 .     Credit Bureau Services, Inc., sent the Bassetts a letter dated March 14, 2016 attempting to collect alleged defaulted accounts.

16

**INSTRUCTION NO. 13**

**FDCPA GENERALLY**

The FDCPA bars a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of any debt.  This  includes the false representation of the character, amount, or legal status of any debt and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  Also, in the initial communication to a debtor, or in a subsequent communication within five days thereafter, a debt collector must send the consumer a notice of the right to dispute and/or request validation of the debt.

**INSTRUCTION NO. 14**

**OBLIGATION TO PAY THE DEBT DOES NOT AFFECT LIABILITY**

Whether or not the plaintiff or any class members owe the alleged debts is not a factor in this proceeding.  Even if the plaintiff and class members owe any of these obligations, the defendants must comply in all respects with the Fair Debt Collection Practices Act.  Therefore, you may not consider whether or not the plaintiff or class members owe any of these debts when determining whether the defendants violated the Fair Debt Collection Practices Act.

**INSTRUCTION NO. 15**

**DEFINITIONS**

For purposes of this case,

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

The term "consumer" means any person obligated or allegedly obligated to pay any debt.

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed, due or asserted to be owed or due another.

A statement or representation is "material" if it is important in the sense that it could objectively affect an unsophisticated consumer's decision making.

19

## INSTRUCTION NO. 16

## "DEBT COLLECTOR" EXPLAINED

In determining if an individual is a debt collector under the FDCPA, you may consider factors such as:  whether the person is personally involved in, or materially participates in, drafting form collection letters; whether the individual has authority over the business's collection procedures, including form letters; whether the individual exercises control over the affairs of the debt collecting business; whether collecting the debts at issue the debt collection activities are the person's primary source of income; whether the individual is directly involved in the day-to-day operation of the debt collection business, including training and managing employees; whether the individual reviews or supervises the review of accounts; whether the individual develops, manages, or maintains software or automated systems; and whether the individual forms relationships with merchants and/or negotiates contracts.  Serving as a shareholder, officer, or director of a debt collecting corporation is not, in itself, sufficient to hold an individual liable as a "debt collector.

**INSTRUCTION NO. 17A**

**CLAIM I**

**FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS (§ 1692e)**

**ESSENTIAL ELEMENTS**

In order to recover on this claim, the plaintiff must prove the following elements by a preponderance of the evidence:

1.      The  plaintiff is a "consumer" as defined in the statute;

2.      The payment obligation defendant seeks to recoup is a "debt" as defined by the statute;

3.      The defendants are "debt collectors" as defined by the statute; and

4.      The defendants made materially false, deceptive or misleading statements or used materially false, deceptive or misleading means in attempting to collect a debt.

If all of these elements have been proved, then your verdict will be in favor of the plaintiff on this claim.

If all of these elements have not been proved, then your verdict will be in favor of the defendants on this claim.

**INSTRUCTION NO. 18**

**CLAIM I**

**FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS (§ 1692e)**

**UNSPOPHISTICATED CONSUMER**

When evaluating whether statements in the letter at issue were false, deceptive or misleading, you should consider the statements from the perspective of an "unsophisticated consumer." The unsophisticated consumer standard protects consumers with below-average sophistication or intelligence, but also contains an objective element of reasonableness and does not protect irrational consumers.

**INSTRUCTION NO. 19A**

**CLAIM I**

**FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS (§ 1692e)**

**ESTABLISHED FACTS**

You are instructed as a matter of law that the plaintiff is a consumer as defined in the FDCPA, the obligations at issue are debts as defined in the FDCPA, and defendant Credit Bureau Services and defendant C.J Tighe are debt collectors as defined in the FDCPA.

**INSTRUCTION NO. 20A**

**CLAIM II**

**INSUFFICIENT NOTICE/VALIDATION (§ 1692g)**

**ESSENTIAL ELEMENTS**

The following claim is only on behalf of Kelly M. Bassett and James M. Bassett and not on behalf of the class.  In order to recover on plaintiffs' individual claims that the defendants violated the notice and validation provision of the FDCPA, the plaintiff must prove the following elements by a preponderance of the evidence:

1.    The letter was the initial communication to the plaintiff, and

2.     In that initial communication, the defendants failed to include one or more of the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) that the plaintiff had 30 days to dispute the validity of the debt or else the defendants would assume the debt was valid;

(4) that if plaintiff notified the defendants within 30 days that the debt was disputed, then the defendants would obtain verification of the debt and mail a copy of such verification to her; or

(5) that if plaintiff made written request on defendant Credit Bureau Services within 30 days, then defendants would provide her with the name and address of the original creditor, if different from the current creditor.

If all of these elements have been proved, then your verdict will be in favor of the plaintiff on this claim.

24

If all of these elements have not been proved, then your verdict will be in favor of the defendants on this claim.

**INSTRUCTION NO. 21**

**CORPORATE DEFENDANT**

Defendant Credit Bureau Services is a corporation.  All of the parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

## INSTRUCTION NO. 22

## AGENCY

A corporation can act only through its employees or agents.  A corporation is bound by the knowledge possessed by its employees and agents.  It is also bound by such acts or omissions of its employees as are within the scope of their employment and by such acts or omissions of its agents as are within the scope of their authority as agents.

**INSTRUCTION NO. 23**

**MULTIPLE DEFENDANTS**

There are two defendants in this lawsuit.  You should decide the case of each defendant separately as if it were a separate lawsuit.  Unless a specific instruction states that it applies to a specific defendant, the instructions apply to each defendant.

**INSTRUCTION NO. 24**

**REQUESTS FOR ADMISSION**

Evidence may be presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

**INSTRUCTION NO. 25**

**INTERROGATORIES**

Each party may introduce into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.