IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KELLY M. BASSETT, individually and as heir of JAMES M. BASSETT, on behalf of herself and all other similarly situated;

Plaintiff,

vs.

CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,

Defendants.

**8:16CV449**

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's motion for attorneys' fees, Filing No. 243, and related motions to stay injunction, Filing No. 240, and for approval of bond, Filing No. 255. This class action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*., was tried to the Court and a jury on June 15-18, 2021. The Court awarded statutory damages under the FDCPA and NCPA, reasonable costs and attorneys' fees, and injunctive relief to the plaintiff. Filing No. 234, Memorandum and Order; Filing No. 235, Judgment.

I. Background

The plaintiff class is the prevailing party in this litigation. Filing No. 234, Memorandum and Order at 26. The class moves for an award of costs and attorneys' fees in the amount of $257,116.00. That amount represents a discount of $48,287.50 in counsels' fees from the lodestar amount. In support of the motion, the plaintiff class has shown that attorney O. Randolph Bragg expended 106.72 hours at the discounted rate of

$450.00 per hour, for a total of $48,022.50.[1] Filing No. 245-3, Ex. 2A, Time Report. Further, he advanced expenses to the class in the amount of $5,193.99, for providing notice to the class. Filing No. 245-2, Ex. 2, Declaration of O. Randolph Bragg ("Bragg Decl."). The plaintiff has shown that Pamela A. Car worked 185.15 hours on behalf of plaintiff and the class at the hourly rate of $400.00 - $415.00 per hour, for a total of $74,705.00. Filing No. 245-6, Ex. 3A, Time Report. Attorney Car states that she reduced time in the exercise of billing discretion to eliminate time for duplicate tasks and most meetings attended with co-counsel. Filing No. 245-5, Ex. 3, Declaration of Pamela A. Car ("Car Decl."). The plaintiff has also shown that Attorney William L. Reinbrecht worked 435.7 hours at an hourly rate of $400.00 per hour, for a total of $174,280.00, Filing No. 245-8, Ex. 4A, Time Record. Attorney Reinbrecht states he expended $3,202.01 in costs and expenses and $13,000 in expert witness fees. *Id*. He further states that the report of net-worth expert and accountant, Roman Basi, was crucial to the case in that it led to a stipulation of the defendants' net worth. Filing No. 245-7, Declaration of William Reinbrecht ("Reinbrecht Decl."). All the attorneys have shown they have extensive experience and expertise in this sort of litigation. Filing Nos. 245-2, Bragg Decl.; 245-3, Car Decl.; 245-7, Reinbrecht Decl.

Plaintiff Kelly Bassett seeks a $7,500.00 incentive payment as class representative. Ms. Bassett submits a declaration stating she participated in numerous meetings and telephone calls in preparation for the case, as well as reviewing documents and attending trial. Filing No. 245-1, Ex. 1, Declaration of Kelly Bassett ("Bassett Decl.").

The plaintiff class also seeks reimbursement of costs and expenses, including the

[1] Mr. Bragg practices in Chicago Illinois and his standard hourly rate is $600.00 per hour. Filing No. 245-2, Ex. 2, Declaration of O. Randolph Bragg ("Bragg Decl.").

cost of notice to the class, and fees for net worth expert and accountant. The class argues the expert report was necessary because the defendants failed to answer the plaintiffs' net worth inquiries sincerely. They also contend Mr. Basi's expert report and rebuttal resulted in the net worth stipulation, which shortened the trial and benefitted the class.

The defendants object to the award of fees. Filing No. 248. They argue that the hours expended are unreasonable and the hourly rates are excessive, contending that a reasonable rate would be no more than $225.00 per hour. Defendants contend that any fee award should be limited to a maximum of $60,000.00, in view of the small recovery to the class. They also argue that certain charges are duplicative and/or excessive and challenge the incentive award and expert witness fee. Further, they assert the plaintiff has not provided sufficient documentation for the costs and expenses.

The defendants have filed an appeal. Filing No. 237. They move to stay the Court's injunction pending the appeal. Filing No. 240. The Eighth Circuit Court of Appeals has denied a motion to stay the injunction filed in that Court. Filing No. 258. The plaintiff class opposes the motion, arguing that staying the injunction would result in significant harm to consumers. The defendants also seek approval of a cash bond in the amount of $52,00.00 to stay the monetary portion of the Court's judgment. Filing No. 255. The plaintiff objects to approval of a bond in that amount, noting that a bond in that amount would not cover any potential award of attorney fees. *See* Filing No. 256.

II. LAW

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001). Generally, the court should also take into account

the amount of the recovery and the results obtained by the lawsuit. *Hensley,* 461 U.S. at 433; *see also Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999) (ERISA case). However, the FDCPA's fee-shifting provision is mandatory. *See* 15 U.S.C. § 1692k(a)(3) (stating that a person in violation of the statute "is liable" for attorney's fees to a successful plaintiff); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir.1997) (per curiam) ("[T]he award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory."); *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001) (citing *Zagorski*); absent exceptional circumstances, a successful plaintiff in an FDCPA action is entitled to fees. *Davis v. Credit Bureau of the S.*, 908 F.3d 972, 977 (5th Cir. 2018) (recognizing a special circumstances exception to the mandatory fee-shifting provision of the FDCPA); *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) ("In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases."). "While attorney's fees need not be proportionate to the minimal statutory damages in FDCPA cases, they must nevertheless be reasonable." *Davis*, 908 F.3d at 977 (stating that "[a]lthough complete denial of otherwise generally mandatory attorney's fees is a rare and drastic sanction, the outrageous facts in this case suggest that the district court did not abuse its discretion in determining that Davis was not entitled to attorney's fees, or that the reasonable attorney's fee was $0.").

In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not exhaustively address every factor.[2] A reasonable hourly

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions;

rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery*, 272 F.3d at 1048.

Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during the course of the class action litigation. *Meijer, Inc. v. 3M*, 2006 WL 2382718 *24 (E.D. Pa. 2006) (quoting *In re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997) (collecting cases)). "It is particularly appropriate to compensate named representative plaintiffs with incentive awards when they have actively assisted plaintiffs' counsel in their prosecution of the litigation for the benefit of the class." *Id.*

The usual rule is that a plaintiff must *initially* bear the cost of notice to the class. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (emphasis added). However, the weight of authority appears to endorse the shifting of costs to the defendant when its liability is clearly within sight. *See, e.g., Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009); 3 Newberg on Class Actions § 8.33 (5th ed. 2013). "A district court may award witness fees if it determines that the witness's testimony 'was crucial to the issues decided and the expenditures were necessary to the litigation.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (quoting *Neb. Pub. Power Dist. v. Austin Power, Inc.*, 773 F.2d 960, 975 (8th Cir. 1985)).

Federal Rule of Civil Procedure 62(c) allows a court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's

---

(3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

rights." Fed. R. Civ. P. 62(c). Nevertheless, a stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant. *Nken v. Holder*, 556 U.S. 418, 427 (2009). Because a stay is an exercise of judicial discretion—dependent on the circumstances of the particular case—the applicant bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at 433-34. A court's judgment is to be guided by sound legal principles "distilled into consideration of four factors: '(1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).

Under the Federal Rules, a party is entitled to a stay of a monetary judgment as a matter of right if a supersedeas bond is posted. Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a) (stating that a party must ordinarily move first in the district court for a stay of the judgment or approval of a supersedeas bond); *see Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 2 (1966). "The supersedeas bond serves the dual role of protecting the non-appealing party 'from the risk of a later uncollectible judgment' and also 'provides compensation for those injuries which can be said to be the natural and proximate result of the stay.'" *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co.*, LLC, 311 F.R.D. 166, 172 (S.D. Ohio 2015) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). A supersedeas bond filed in connection with a stay pending appeal is usually for the full amount of the judgment,

though the district court has discretion in setting the amount. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).

III. DISCUSSION

The Court finds that the plaintiff class, as the prevailing party, is entitled to attorneys' fees. The plaintiff class has achieved a significant degree of success in that it has recovered the maximum amount of statutory damages under the FDCPA and NCPA. They have also achieved significant prospective relief in that the defendants have agreed to make changes in their form collection letters.

The Court has reviewed the declarations of counsel and time records submitted in connection with the motion and finds the hours and labor expended on the case were reasonable and necessary to prosecute a case of this nature. The defendants' vigorous defense of the suit added to the fees incurred by the plaintiff class. The Court also finds, based on its familiarity with fees in this community, that rates of $400.00 per hour for the attorneys involved are appropriate in view of their skill, experience, and the complexity of class-action consumer litigation. These amounts are in line with fee awards in other cases. Mr. Bragg's fees are adjusted accordingly.

The expenses requested (court reporter fees, filing, notice, and service fees) are recoverable as costs. The Court finds that the net-worth expert's testimony was crucial to the issues decided and the expenditure was necessary to the litigation. The plaintiff class is entitled to recover the expert witness fees. The Court has reviewed the bill of costs and finds that the costs are fair and reasonable and were necessary to prosecute the claims on behalf of the class.

The Court finds that a stay of the injunction is not warranted. As noted in the Court's earlier order, it has long been clear that interest cannot be assessed prejudgment

and without an agreement. Filing No. 234, Memorandum and Order at 11. Based on familiarity with the litigation and the defendants, the Court finds injunctive relief should not be stayed. The defendants have shown neither irreparable harm nor that they will likely succeed on the merits of the appeal. Accordingly, the motion to stay the injunction is denied.

Because the Court will award attorney fees, a bond in the amount of $52,000.00 will not be sufficient to protect the plaintiffs' interests pending appeal. The motion for approval of supersedeas bond is denied.

IT IS ORDERED:

1. The plaintiff class's motion for attorney fees (Filing No. 243) is granted.
2. The plaintiff class is awarded attorney fees and costs in the amount $265,281.50.
3. Representative plaintiff, Kelly Basset, is awarded an incentive payment in the amount of $7,500.00.
4. Defendants' motion to stay the injunction (Filing No. 240) is denied.
4. Defendants' motion for approval of a bond in the amount of $52,000 (Filing No. 255) is denied.
5. A judgment in conformity with this Memorandum and Order will be entered.

Dated this 29th day of December 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge