IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY M. BASSETT, individually and as heir of James M. Bassett, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | **8:16CV449**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motion to reverse the Clerk's taxation of costs in this matter, Filing No. 275. Bassett moves for review and reversal of the clerk's taxation of costs on grounds that Defendants engaged in misconduct throughout discovery, failed to respond to discovery fully and fairly, which resulted in additional expense including written discovery, depositions, and expert witness fees. She also contends the wide financial disparity between the parties and her inability to pay justifies denial of costs. Further she contends denial of costs is justified because of the wide financial disparity between the parties, the plaintiff's inability to pay, and her good faith pursuit of valid claims in this litigation.

I.  BACKGROUND

The Court is quite familiar with the facts of this case. In this action, the plaintiff challenged the defendant's practice of assessing interest without first obtaining a judgment in alleged violation of Nebraska law. The complex class action case went to trial and the plaintiff ultimately prevailed. Bassett was awarded a judgment, and an injunction was ordered to stop the challenged practice. Filing No. 234, Memorandum and

1

Order; Filing No. 235, Judgment; Filing No. 236, Injunction. The defendant appealed and the judgment was vacated on the narrow but complex procedural issue of standing. *Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132, 1138 (8th Cir. 2023). The Eighth Circuit did not reach the merits of Bassett's claims. *Id.* at 1138 n.3.

Based on its familiarity with this action, the Court finds the plaintiff acted in good faith in pursuit of valid claims on complex legal issues. *See, e.g.*, Filing No. 84, Memorandum and Order on class certification; Filing No. 20, Memorandum and Order denying plaintiff's motion to dismiss; Filing No. 83, Memorandum and Order denying defendants' motion for summary judgment; Filing No. 194, Memorandum and Order denying defendants' motion for decertification. In another action presently pending in this Court, the defendants are alleged to be continuing the practices challenged in this case. *See Richard D. Myers, Bankruptcy Trustee for the bankruptcy estate of Donna Jean Lunsford v. Credit Bureau Services, Inc., and C. J. Tighe*, No. 8:20-cv-141, Filing No. 131, Amended Complaint (D. Neb. July 24, 2023).

The record shows the defendants were recalcitrant in providing discovery as to their net worth. Filing No. 66-14, Ex. 7F, meet and confer letters; Filing No. 107, Order on production of updated financial documents; Filing No. 144, text order on discovery dispute; Filing No. 148, text order ordering defendants' response. The plaintiff consequently had to take several depositions and retain a net worth expert. Filing No. 276 at 3–4, plaintiff's brief. The defendants later stipulated to net worth. Filing No. 151, stipulation. The plaintiff has shown that she lacks the ability to pay the costs. Filing No. 277 at 4, Index of Evid., Declaration of Kelly M. Bassett. The record also shows the defendants hotly contested numerous issues at every stage of the litigation.

II.    LAW

"A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005). Fed. R. Civ. P. 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[1] This is "a codification of the 'presumption that the prevailing party is entitled to costs.'" *Greaser v. State, Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998) (quoting *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995)).

Rule 54(d)(1) does not require courts to award costs to prevailing defendants. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387 n.9 (2013). "District courts may appropriately consider an FDCPA plaintiff's indigency in deciding whether to award costs." *Id.* Despite the "presumption in favor of a prevailing party," courts retain "substantial discretion in awarding costs" and costs may "be denied where there is some misconduct or other action worthy of penalty on the part of the prevailing party." *Id.* However, the Court's discretion is not limited to those circumstances. *Grisso v. Massanari*, 22 F. App'x 656, 657 (8th Cir. 2001) (noting authority for the proposition that an award of costs may be reduced or denied because prevailing party obtained only

---

[1] Arguably, the FDCPA provides some statutory authority for awarding costs, 15 U.S.C. § 1692k(a)(3), but the Court need not address that issue in light of its determination under Fed. R. Civ. P. 54. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387–88 (2013) (finding second sentence of § 1692k(a)(3) is not contrary to Rule 54(d)(1), and, thus, does not displace a district court's discretion to award costs under the Rule).

3

nominal victory, or because taxable costs of litigation were disproportionate to result achieved). A disparity between the wealth of the parties may be considered in reversing the clerk's taxation of costs. *Luckert v. Dodge Cnty.*, No. 8:07CV5010, 2012 WL 13236930, at *1 (D. Neb. Oct. 4, 2012); *see Poe v. John Deere Co.*, 695 F.2d 1103, 1108–09 (8th Cir. 1982). In addition to the financial disparities between the parties, the good faith of the losing party is a factor the court considers to ensure the equitable taxation of costs. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463 (3d Cir. 2000).

III. DISCUSSION

The Court finds the plaintiff has overcome any presumption in favor of taxation of costs. The plaintiff has shown there is a significant financial disparity and the plaintiff is without ability to pay. Based on its familiarity with the case, the Court finds the plaintiff pursued her action in good faith on complex and evolving legal issues. Insofar as the costs were incurred largely as a result of defendant's conduct, the Court finds an award of costs to the defendants as prevailing parties would be inequitable under the circumstances. Accordingly, in its discretion, the Court finds the clerk's taxation of costs should be reversed.

Dated this 15th day of August, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4